[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 28, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10779
Non-Argument Calendar

_____

Agency Nos. A98-398-200
A98-398-201

RANDOLD ADALBERTO ESPINA,
SANDRA CECILIA MANGANIELLO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 28, 2008)

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Petitioners Randold Adalberto Espina and his wife, Sandra Cecilia

Manganiello, natives and citizens of Venezuela, through counsel, seek review of

the Board of Immigration Appeals's (BIA's) decision to dismiss their appeal of the

Immigration Judge's (IJ's) order denying their application for asylum and

withholding of removal under the Immigration and Nationality Act (INA), and

relief under the United Nations Convention Against Torture and Other Cruel,

Inhuman and Degrading Treatment or Punishment (CAT), INA §§ 208, 241, 8

U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c).

Espina[1] filed his application for asylum and withholding of removal, listing

Manganiello as a derivative claimant, two-and-a-half years after entering the

United States. On appeal, Espina does not address whether this court lacks

jurisdiction to consider his asylum claim, though his notice of appeal to the BIA

asserted that his failure to file his asylum application within one year should be

excused because of the changing conditions in Venezuela. In response, the

government argues that we lack jurisdiction over Espina's asylum claim.

When the BIA issues a decision, we review only that decision, except to the

extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257

F.3d 1262, 1284 (11th Cir. 2001). Here, because the BIA agreed with the IJ's

---

[1] We refer to petitioners collectively as "Espina" because almost all events regarding this case happened to him.

findings regarding Espina's asylum claim but also made additional observations, we will review both the IJ's and the BIA's decision on the asylum issue. However, because the BIA did not expressly agree with the IJ regarding Espina's withholding of removal and CAT claims, we will only review the BIA's decision in those matters.

To the extent that the BIA's decision was based on a legal determination, our review is *de novo*. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001). We review the BIA's factual determinations under the substantial-evidence test, and we "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Al Najjar*, 257 F.3d at 1284 (citation omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." *Mazariegos v. U.S. Att'y Gen.*, 241 F.3d 1320, 1323 (11th Cir. 2001) (citation omitted). "To reverse the IJ's fact findings, [this Court] must find that the record not only supports reversal, but compels it." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003). The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*).

We review our subject-matter jurisdiction *de novo*. *Brooks v. Ashcroft*, 283 F.3d 1268, 1272 (11th Cir. 2002). An alien can apply for asylum if he or she

3

"demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B). However, "[a]n application for asylum of an alien may be considered . . ., if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified."  INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D). Notwithstanding the BIA's authority to consider an untimely asylum application in circumstances where the applicant meets one of the exceptions to the one-year deadline, "no court shall have jurisdiction to review any determination of the Attorney General under [section 1158(a)(2)]." *Mendoza*, 327 F.3d at 1287 (quoting INA § 208(a)(3), 8 U.S.C. § 1158(a)(3)) (alteration in original).  Under § 1158(a)(3), we do not have jurisdiction to review the BIA's determinations that an asylum applicant filed an untimely application and failed to establish changed or extraordinary circumstances to excuse his untimely filing.  *See Mendoza*, 327 F.3d at 1287 (citing *Fahim v. U.S. Att'y Gen.*, 278 F.3d 1216, 1217-18 (11th Cir. 2002)). Moreover, jurisdictional provisions in the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 310 (2005), do not affect this Court's prior precedents, such as *Mendoza*.  *Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 957 (11th Cir. 2005).

Because the record demonstrates that the IJ and the BIA determined that Espina's asylum application was untimely and that no exception to the one-year filing requirement applied, we lack jurisdiction to consider whether the IJ and the BIA erred in this regard, and we dismiss the petition for review as to Espina's asylum claim.

Espina makes few arguments as to his eligibility for withholding of removal or CAT relief, except to request that we grant him both. He argues that the IJ made substantial legal errors by determining that he did not establish statutory eligibility for asylum and withholding of removal, and the IJ abused its discretion by denying his claim for asylum because he met his burden of establishing, by clear and convincing evidence, that he suffered past and future persecution based on his imputed political opinion. Espina accuses the IJ of failing to take into account the serious threats he suffered at the hands of President Hugo Chavez's supporters because his actions indicated that he opposed the Fifth Republic Movement, and he asserts that he had no other obvious motive to flee his country than the persecution he suffered there, namely, threats, intimidation, and coercion on account of his imputed political opinions.

In a withholding of removal claim, an alien shall not be removed to a country if his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion.  INA §

5

241(b)(3), 8 U.S.C. § 1231(b)(3). The alien must show that it is "more likely than not [he] will be persecuted or tortured upon being returned to [his] country." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005) (citation omitted). This standard is more stringent than the "well-founded fear" standard for asylum. *Id*. at 1232-33.

While the INA does not define persecution, we recognize that "'persecution' is an 'extreme concept,' requiring 'more than a few isolated incidents of verbal harassment or intimidation,' and that '[m]ere harassment does not amount to persecution.'" *Id*. at 1231 (citation omitted). In *Sepulveda*, we held that menacing telephone calls and threats to the alien, her family members, and colleagues did not rise to the level of past persecution. *Id*.

To be entitled to relief under the CAT, an applicant must establish that it is "more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). "Torture" is defined as

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 1208.18(a)(1). The burden of proof for an applicant seeking relief under CAT, like that for an applicant seeking withholding of removal under the INA, is higher than the burden imposed on an asylum applicant. *Al Najjar*, 257 F.3d at 1303.

However, "[w]hen an appellant fails to offer argument on an issue, that issue is abandoned." *Sepulveda*, 401 F.3d at 1228 n.2 (*citing Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (stating that passing references to issues are insufficient to raise a claim for appeal)).

After reviewing the record, we conclude that substantial evidence supports the IJ's and the BIA's factual findings that Espina's claims did not constitute past persecution on account of any protected ground because (1) threatening phone calls do not constitute persecution, and (2) there is no evidence on the record indicating that the robberies Espina suffered were anything more than random attacks, or that Espina's arrest was unlawful or based on false accusations. Thus, since the burden of proof for establishing eligibility for withholding of removal is higher than that for establishing eligibility for asylum, substantial evidence also supports the IJ's and the BIA's finding that Espina does not meet the higher burden of proof for establishing eligibility for withholding of removal.

Moreover, Espina abandoned his claim for CAT relief by failing to argue the issue in his brief. Accordingly, the petition for review as to Espina's asylum claim

7

is dismissed, and the petition for review as to his claims for withholding of removal and CAT relief is denied.

**PETITION DISMISSED IN PART, DENIED IN PART**.